NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0729n.06

No. 10-4351

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 26, 2011*

LEONARD GREEN, Clerk

RICHARD NEWLAND,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

Before: DAUGHTREY, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Richard Newland claims that his trial lawyer was ineffective with respect to Newland's decision to enter a guilty plea to federal drug and firearms charges in a prior federal proceeding. The district court denied his petition in this case, filed pursuant to 28 U.S.C. § 2255. We affirm.

Newland's claim is that his lawyer, Gary Tyack, provided ineffective assistance when Tyack failed to explain, "blow by blow," to use Tyack's words, the disparity between Newland's Guidelines range if he pled guilty and his range after conviction on all counts after trial. The former was 66–76 months, the latter 101–111 months. Newland rejected the plea deal, was convicted at trial, and sentenced to 108 months in prison.

After an evidentiary hearing with respect to the petition in this case, the district court found that Tyack had not, in fact, discussed the respective sentencing ranges in detail. Tyack himself

testified to that effect at the hearing. But the court also found that the reason Tyack had not done so was that Newland had made clear that any plea deal which involved at least five years' imprisonment was a nonstarter for him. Here, even the bottom end of the Guidelines range for the plea deal exceeded that limit by six months. The court thus concluded that Tyack's failure to discuss the ranges in detail did not prejudice Newland, since there was no probability that he would have taken the plea deal if Tyack had done so. That conclusion was fatal to Newland's claim. *See generally Hodgson v. Warren,* 622 F.3d 591, 598 (6th Cir. 2010).

We review the district court's factual finding for clear error and its denial of the writ *de novo. Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (citing *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996)). We have no basis whatever to find that the district court erred with respect to its factual findings. And that leaves Newland's legal arguments untenable. He argues that the mere fact of the disparity between the two ranges under the Guidelines—about 40 months—shows that he was prejudiced by Tyack's failure to discuss that disparity in more detail. But none of the cases he cites involved a defendant who refused even to consider a plea deal involving more than a certain amount of time (here, five years) in prison.

It is true, as Newland points out, that the standard we apply here has an objective component—namely, that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010). But that is not all that Newland must prove. He must prove also that he personally would have taken the plea deal if only his lawyer had explained it better to him. *See, e.g., Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). Newland has not proven that here: he insisted before trial that the government could never

prove him guilty, which caused him to draw a line at five years; and even after trial, he wrote letters to Tyack insisting that the government had not proven its case. His claim thus fails.

The district court's judgment is affirmed.